IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO. 3:14-cr-858 |
|  | ) | 18 U.S.C. § 1343 |
| v. | ) | 18 U.S.C. § 981(a)(1)(C) |
|  | ) | 28 U.S.C. § 2461(c) |
| ROBERT S. LEBEN | ) | INDICTMENT |

COUNT 1

THE GRAND JURY CHARGES:

INTRODUCTION

1. ROBERT S. LEBEN was a resident of Columbia, South Carolina, who did business as Structured Financial Group (SFG). ROBERT S. LEBEN was married to A.L.

2. SFG invested in AAA rated U.S. Treasury debt obligations in the form of United States Treasury STRIPS, or "Separate Trading of Registered Interest and Principal Securities" (T-STRIPS).

3. T-STRIPS are fixed-income securities sold at a significant discount to face value and offer no interest payments because they mature at par. ROBERT S. LEBEN developed a plan to buy discounted T-STRIPS and use the difference between the discounted price and the face value to generate income by trading in commodities.

4. R.S., a resident of Atlanta, Georgia, referred clients to ROBERT S. LEBEN.

5. G.B., of Baltimore, Maryland, acted as a 'fiduciary trustee' by receiving funds from prospective clients and sending those funds, typically by wire to the Merrill Lynch account of SFG, to which ROBERT S. LEBEN had access. G.B. also was designated to disburse client funds.

6. ROBERT S. LEBEN, d/b/a SFG, agreed to pay investors a rate of return of 8% to 16% a year. The disbursements could be either paid out or rolled over into a money market account. Notably, ROBERT S. LEBEN had no direct contact with investors, but relied on R.S. and G.B. to solicit and distribute funds. The transactions were memorialized in "Letter Agreements" between SFG and the investors.

## THE SCHEME AND ARTIFICE TO DEFRAUD

7. From approximately September 17, 2008, up until the present, the Defendant, ROBERT S. LEBEN, knowingly did devise and intend to devise a scheme and artifice to defraud prospective investors and to obtain money and property from those investors by means of false and fraudulent pretenses, representations, and promises, in that ROBERT S. LEBEN indicated through intermediaries that he would be purchasing AAA rated U.S. Treasury debt obligations in the form of T-STRIPS on behalf of those investors, when in fact he diverted a substantial portion of the money for his own purposes without their knowledge or consent.

## MANNER AND MEANS

8. In the course of executing the scheme and artifice, the Defendant, ROBERT S. LEBEN, through SFG, held himself out as someone who invested on behalf of other people in AAA rated U.S. Treasury debt obligations and commodities.

9. ROBERT S. LEBEN obtained his referrals in part through R.S. R.S. would solicit money from potential investors and send it to ROBERT S. LEBEN through intermediary G.B.

10. Rather than invest the money into AAA rated U.S. Treasury debt obligations in the form of T-STRIPS, as promised, ROBERT S. LEBEN and A.L. diverted the money for their

own use through accounts at Merrill Lynch and Bank of America. The money was used to purchase a house, vacations, a pool, an irrigation system, a car, cosmetic surgery, to provide funds to family members, and to pay everyday living expenses.

11. A promissory note of $3,000,000.00 was created in October 2010 stating A.L. would pay SFG that amount in ten years. It was amended in February 2011 to reflect a value of $5,000,000.00. Investors were not told of the existence or purpose of the promissory note.

12. In summary, ROBERT S. LEBEN diverted at least $2,000,000.00 in investor funds to his own use, representing to investors that the money would be used to purchase AAA rated U.S. Treasury debt obligations and commodities, when in fact a significant portion of the money was diverted to the personal benefit of ROBERT S. LEBEN.

## WIRE FRAUD

13. On or about August 11, 2011, in the District of South Carolina and elsewhere, ROBERT S. LEBEN, having devised and intending to devise a scheme and artifice to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals, for the purpose of executing such scheme and artifice, in that ROBERT S. LEBEN did send an email from Columbia, South Carolina, to A.B. in Atlanta, Georgia, providing instructions for the wiring of $100,000 to the trust account of G.B. in Baltimore, Maryland, ultimately intended to be invested by SFG into AAA rated U.S. Treasury debt obligations and commodities, when they were not,

All in violation of Title 18, United States Code, Section 1343.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

1. The allegations of Paragraphs 1 through 12 of Count 1 are realleged and incorporated herein by reference.

2. On or about January 13, 2010, in the District of South Carolina and elsewhere, ROBERT S. LEBEN, having devised and intending to devise a scheme and artifice to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals, for the purpose of executing such scheme and artifice, in that ROBERT S. LEBEN did send an email from Columbia, South Carolina, to C.S. in Atlanta, Georgia, containing a signed Letter Agreement stating that C.S. desired to invest $100,000.00, with SFG for the purpose of purchasing AAA rated U.S. Treasury debt obligations, when in fact a portion of that money was diverted to ROBERT S. LEBEN for his own purposes,

All in violation of Title 18, United States Code, Section 1343.

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

1. The allegations of Paragraphs 1 through 12 of Count 1 are realleged and incorporated herein by reference.

2. On or about May 9, 2011, in the District of South Carolina and elsewhere, ROBERT S. LEBEN, having devised and intending to devise a scheme and artifice to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals, for the purpose of executing such scheme and artifice, in that ROBERT S.

LEBEN did cause C.S. in Atlanta, Georgia, to fax a signed Letter Agreement to Columbia, South Carolina, stating that C.S. desired to invest $75,000.00, with SFG for the purpose of purchasing AAA rated U.S. Treasury debt obligations, when in fact a portion of that money was diverted to ROBERT S. LEBEN for his own purposes,

All in violation of Title 18, United States Code, Section 1343.

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

1.  The allegations of Paragraphs 1 through 12 of Count 1 are realleged and incorporated herein by reference.

2.  On or about September 10, 2012, in the District of South Carolina and elsewhere, ROBERT S. LEBEN, having devised and intending to devise a scheme and artifice to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals, for the purpose of executing such scheme and artifice, in that ROBERT S. LEBEN did send an email from Columbia, South Carolina, to C.S. in Atlanta, Georgia, containing SFG correspondence indicating the amount of funds managed on his behalf by SFG totaled approximately $129,960.00, on or about that date, which was not true,

All in violation of Title 18, United States Code, Section 1343.

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

1.  The allegations of Paragraphs 1 through 12 of Count 1 are realleged and incorporated herein by reference.

2. On or about September 24, 2012, in the District of South Carolina and elsewhere, ROBERT S. LEBEN, having devised and intending to devise a scheme and artifice to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals, for the purpose of executing such scheme and artifice, in that ROBERT S. LEBEN did send an email from Columbia, South Carolina, to C.S. in Atlanta, Georgia, containing SFG correspondence indicating that $4,549.00, had been transferred into a liquid money market account to be held in trust on or about that date, which was not true,

All in violation of Title 18, United States Code, Section 1343.

## COUNT 6

THE GRAND JURY FURTHER CHARGES:

1. The allegations of Paragraphs 1 through 12 of Count 1 are realleged and incorporated herein by reference.

2. On or about January 29, 2010, in the District of South Carolina and elsewhere, ROBERT S. LEBEN, having devised and intending to devise a scheme and artifice to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals, for the purpose of executing such scheme and artifice, in that ROBERT S. LEBEN did cause J.C.R. in Marietta, Georgia, to fax a signed Letter Agreement to Columbia, South Carolina, stating that J.C.R. desired to invest $50,000.00, with SFG for the purpose of purchasing AAA rated U.S. Treasury debt obligations, when in fact a portion of that money was diverted to ROBERT S. LEBEN for his own purposes,

All in violation of Title 18, United States Code, Section 1343.

## COUNT 7

THE GRAND JURY FURTHER CHARGES:

1. The allegations of Paragraphs 1 through 12 of Count 1 are realleged and incorporated herein by reference.

2. On or about February 4, 2010, in the District of South Carolina and elsewhere, ROBERT S. LEBEN, having devised and intending to devise a scheme and artifice to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals, for the purpose of executing such scheme and artifice, in that ROBERT S. LEBEN did send an email from Columbia, South Carolina, to J.C.R. in Marietta, Georgia, forwarding a message from G.B. indicating that the $50,000.00, check from J.C.R., for purposes of investing in SFG, had cleared the bank,

All in violation of Title 18, United States Code, Section 1343.

## COUNT 8

THE GRAND JURY FURTHER CHARGES:

1. The allegations of Paragraphs 1 through 12 of Count 1 are realleged and incorporated herein by reference.

2. On or about September 4, 2013, in the District of South Carolina and elsewhere, ROBERT S. LEBEN, having devised and intending to devise a scheme and artifice to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals, for the purpose of executing such scheme and artifice, in that ROBERT S. LEBEN did send an email from Columbia, South Carolina, to J.C.R. in Marietta, Georgia, containing SFG correspondence indicating the amount of funds managed on his behalf by SFG totaled approximately $359,810.00, on or about that date, which was not true,

All in violation of Title 18, United States Code, Section 1343.

## COUNT 9

THE GRAND JURY FURTHER CHARGES:

1. The allegations of Paragraphs 1 through 12 of Count 1 are realleged and incorporated herein by reference.

2. On or about December 18, 2012, in the District of South Carolina and elsewhere, ROBERT S. LEBEN, having devised and intending to devise a scheme and artifice to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals, for the purpose of executing such scheme and

artifice, in that ROBERT S. LEBEN did send an email from Columbia, South Carolina, to M.C. in New Jersey, containing SFG correspondence indicating that $2,519.00, would be rolled into a money market account to be held in trust on or about December 19, 2012, which was not true,

All in violation of Title 18, United States Code, Section 1343.

## COUNT 10

THE GRAND JURY FURTHER CHARGES:

1.  The allegations of Paragraphs 1 through 12 of Count 1 are realleged and incorporated herein by reference.

2.  On or about June 15, 2013, in the District of South Carolina and elsewhere, ROBERT S. LEBEN, having devised and intending to devise a scheme and artifice to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals, for the purpose of executing such scheme and artifice, in that ROBERT S. LEBEN did send an email from Columbia, South Carolina, to M.S. in Atlanta, Georgia, containing SFG correspondence indicating the amount of funds managed on his behalf by SFG totaled approximately $67,552.00, on or about that date, which was not true,

All in violation of Title 18, United States Code, Section 1343.

## COUNT 11

THE GRAND JURY FURTHER CHARGES:

1. The allegations of Paragraphs 1 through 12 of Count 1 are realleged and incorporated herein by reference.

2. On or about April 4, 2013, in the District of South Carolina and elsewhere, ROBERT S. LEBEN, having devised and intending to devise a scheme and artifice to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals, for the purpose of executing such scheme and artifice, in that ROBERT S. LEBEN did send an email from Columbia, South Carolina, to B.S. in Oakton, Virginia, containing SFG correspondence indicating the amount of funds managed on his behalf by SFG totaled approximately $245,558.00, on or about that date, which was not true,

All in violation of Title 18, United States Code, Section 1343.

## COUNT 12

THE GRAND JURY FURTHER CHARGES:

1. The allegations of Paragraphs 1 through 12 of Count 1 are realleged and incorporated herein by reference.

2. On or about January 8, 2013, in the District of South Carolina and elsewhere, ROBERT S. LEBEN, having devised and intending to devise a scheme and artifice to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals, for the purpose of executing such scheme and artifice, in that ROBERT S.

LEBEN did send an email from Columbia, South Carolina, to J.W.N. in Richardson, Texas, containing SFG correspondence indicating the amount of funds managed on his behalf by SFG totaled approximately $185,000.00, on or about that date, which was not true,

All in violation of Title 18, United States Code, Section 1343.

## COUNT 13

THE GRAND JURY FURTHER CHARGES:

1. The allegations of Paragraphs 1 through 12 of Count 1 are realleged and incorporated herein by reference.

2. On or about April 29, 2013, in the District of South Carolina and elsewhere, ROBERT S. LEBEN, having devised and intending to devise a scheme and artifice to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals, for the purpose of executing such scheme and artifice, in that ROBERT S. LEBEN did send an email from Columbia, South Carolina, to R.B. and D.B. in Atlanta, Georgia, containing SFG correspondence indicating the amount of funds managed on his behalf by SFG totaled approximately $150,000.00, on or about that date, which was not true,

All in violation of Title 18, United States Code, Section 1343.

COUNT 14

THE GRAND JURY FURTHER CHARGES:

1. The allegations of Paragraphs 1 through 12 of Count 1 are realleged and incorporated herein by reference.

2. On or about November 1, 2010, in the District of South Carolina and elsewhere, ROBERT S. LEBEN, having devised and intending to devise a scheme and artifice to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals, for the purpose of executing such scheme and artifice, in that ROBERT S. LEBEN did send an email from Columbia, South Carolina, to A.M. in Atlanta, Georgia, containing SFG correspondence indicating the amount of funds managed on his behalf by SFG totaled approximately $150,000.00, on or about that date, which was not true,

All in violation of Title 18, United States Code, Section 1343.

COUNT 15

THE GRAND JURY FURTHER CHARGES:

1. The allegations of Paragraphs 1 through 12 of Count 1 are realleged and incorporated herein by reference.

2. On or about October 4, 2012, in the District of South Carolina and elsewhere, ROBERT S. LEBEN, having devised and intending to devise a scheme and artifice to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals, for the purpose of executing such scheme and artifice, in that ROBERT S.

LEBEN did send an email from Columbia, South Carolina, to R.F. in Tampa, Florida, containing SFG correspondence indicating the amount of funds managed on his behalf by SFG totaled approximately $115,360.00, on or about that date, which was not true,

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE

SPECIFIED UNLAWFUL ACTIVITIES:

Upon conviction to violate Title 18, United States Code, Section 1343 as charged in the Indictment, the Defendant, ROBERT S. LEBEN, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which is involved in such violation or which constitutes or is derived from proceeds traceable to such property.

The property subject to forfeiture includes, but is not limited to, the following:

(1) <u>Proceeds/Money Judgment:</u>

  (a) A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in the Indictment, that is, a minimum of approximately $2,000,000 in United States currency, and all interest and proceeds traceable thereto, and/or that such sum equals all property which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant(s)-

  A. Cannot be located upon the exercise of due diligence;
  B. Has been transferred or sold to, or deposited with, a third person;
  C. Has been placed beyond the jurisdiction of the court;
  D. Has been substantially diminished in value; or
  E. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendants up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A <u>TRUE</u> BILL

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

FOREPERSON

▬▬▬▬▬▬▬

WILLIAM N. NETTLES (WDHjr)
UNITED STATES ATTORNEY