IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 3:14-858 |
| v. | |
| | **PLEA AGREEMENT** |
| ROBERT LEBEN | |

### General Provisions

This PLEA AGREEMENT is made this _2nd_ day of _October_, 2015, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney Jim May; the Defendant, **ROBERT LEBEN**, and Defendant's attorney, Kathy Evatt.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to waive Indictment and arraignment, and plead guilty to an Information charging, Conspiracy, in violation of Title 18, United States Code, § 371.

In order to sustain its burden of proof, the Government is required to prove the following:


Count 1

    a.    two or more people agreed to do something which the law prohibits;

-1-

b.    to wit the defendant and others devised or intended to devise a scheme to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises that were material; and

c.    that, for the purpose of executing the scheme, the defendant transmitted or caused to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce any writings, signs, signals, pictures, or sounds;

d.    the defendant knew of the conspiracy and willfully joined the conspiracy;

e.    that during the time of the conspiracy one of the members knowingly performed an overt act charged in the information.

The penalty for this offense is:

up to five years imprisonment, $250,000 fine, three years of supervised release and $100 special assessment.

2.    The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in

accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.   Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    B.   Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity,

pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Information [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to

withdraw his plea of guilty to the offense(s) enumerated herein.

## Forfeiture

5.  The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a money judgment in an amount to be determined by the Court, representing the amount of gross proceeds of the offense(s) of conviction.

Following the entry of this plea agreement, defendant agrees to the Court's prompt entry of a Preliminary Order of Forfeiture incorporating a money judgment as mandated by Fed.R.Crim.P. 32.2, which shall in any event, be submitted for entry before sentencing. Defendant acknowledges that he understands that the entry of a forfeiture money judgment is part of the sentence that will be imposed in this case, and waives any failure by the Court to advise

him of this, pursuant to Rule 11(b)(1)(J) or otherwise, at any time his guilty plea is accepted.

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence. The Defendant understands that he is jointly and severally liable for payment of the money judgment, along with any co-defendants against whom a money judgment is imposed.

The Defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the Defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing

-6-

of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

### Merger and Other Provisions

6. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Information including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter

-7-

of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

7.   The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence.   Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255.   (This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.)

8.   The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

9.   The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be

binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

10-0v-15
Date

10-2-15
DATE

ROBERT LEBEN, DEFENDANT

10/02/2015

KATHY EVATT
ATTORNEY FOR THE DEFENDANT

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

10-2-15
Date

JIM MAY (#11355)
ASSISTANT UNITED STATES ATTORNEY

-9-