IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 3:14-CR-858-MGL |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT S. LEBEN | ) | |

### AMENDED PRELIMINARY ORDER OF FORFEITURE AS TO ROBERT S. LEBEN

This matter is before the court on the motion of the United States for an amended Preliminary Order of Forfeiture as to Defendant Robert S. Leben ("Leben", "Defendant"), based upon the following:

1. On October 7, 2015, an Information was filed charging Leben with conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 371 and 1343.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Information contained a forfeiture allegation providing that upon Leben's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

Proceeds/Money Judgment:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in the Information, that is, a minimum of approximately $2,000,000 in United States currency, and all interest and proceeds traceable thereto, and/or that such sum equals all property which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1343 and 371.

3. On October 8, 2015, Leben pled guilty to the conspiracy to commit wire fraud charge.

4. Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5. The court has determined that the government has established the requisite nexus between the money judgment and the offense for which Leben has been convicted; therefore, the United States is entitled to an amended preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant, Robert S. Leben, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2. FORFEITURE IS ORDERED against Leben and in favor of the United States in the amount of $2,000,000, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the money judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4. Upon the entry of this Order, the United States Attorney is authorized to

conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable. The government previously notified the Court of its intent to pursue the following property:

> Real Property[1]:
>
> 118 Peninsula Way
> Columbia, South Carolina 29229
> Richland County
> Titled in the names of Robert S. Leben and Amy L F Leben
>
> All that certain piece, parcel or lot of land, together with improvements thereon, situate, lying and being in the County of Richland, State of South Carolina, being shown and designated as Lot 116, Phase 4 on a Bonded Plat of The Peninsula at Lake Carolina, Phases 2 & 4, prepared by U.S. Group, Inc., dated September 28, 2000, and recorded in the office of the Register of Deeds for Richland County in Record Book 455 at page 1451. Reference to said plat is made for a more complete and accurate description. Be all measurements a little more or less.
>
> This being the same property conveyed to LADD Company Homes, LLC by Deed of Alvin E. Basiliere and Dennisse Lezcano-Basiliere recorded August 23, 2006 in the Office of the Register of Deeds for Richland County in Book 1221 al page 345.
>
> TMS# 23210-03-02

5.    The government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

---

[1] The government is not pursuing forfeiture of the real property.

6. Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7. The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                            s/Mary Geiger Lewis
                            MARY GEIGER LEWIS
                            UNITED STATES DISTRICT JUDGE

April 5, 2016

Columbia, South Carolina