**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 16-4236

---

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

ROBERT S. LEBEN,

    Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge. (3:14-cr-00858-MGL-1)

---

Submitted:  September 29, 2016   Decided:  October 3, 2016

---

Before SHEDD, KEENAN, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David B. Betts, Columbia, South Carolina, for Appellant. Winston David Holliday, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert S. Leben pled guilty, pursuant to a written plea agreement, to conspiracy to defraud, in violation of 18 U.S.C. § 1343 (2012). The district court sentenced Leben to 40 months' imprisonment, a sentence within the applicable Sentencing Guidelines range. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court substantially complied with Fed. R. Crim. P. 11 in accepting Leben's guilty plea. Although notified of his right to do so, Leben has not filed a pro se brief. After careful review, we affirm.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2)-(3); DeFusco, 949 F.2d at 119-20.

Because Leben did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). "To prevail on a claim of plain error, [Leben] must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." Id. at 816. In the guilty plea context, a defendant establishes that an error affected his substantial rights if he demonstrates a reasonable probability that he would not have pled guilty but for the error. Id.

The record reveals that the district court conducted a thorough plea colloquy with Leben. The court erred only in failing to explicitly state that it accepted the factual basis presented by the Government at the Rule 11 hearing. At the Rule 11 hearing, Leben agreed that the factual basis as presented by the Government was correct. Further, neither Leben nor the record suggest that, but for the court's failure to expressly accept the factual basis, he would not have pled guilty.

Accordingly, we conclude that the district court did not commit reversible plain error in accepting Leben's guilty plea. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Leben's conviction and sentence. This court requires that counsel inform Leben, in writing, of the right to

3

petition the Supreme Court of the United States for further review. If Leben requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Leben.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4